Filed 8/18/25  P. v. Patton CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>PETER PATTON,<br><br>    Defendant and Appellant. | 2d Crim. No. B337239<br>(Super. Ct. No. BA166025-01)<br>(Los Angeles County) |

Peter Patton appeals from the trial court's order summarily denying his petition for resentencing pursuant to Penal Code section 1172.6.[1]  He contends the trial court erred when it denied his petition without issuing an order to show cause and holding an evidentiary hearing.  According to appellant, reversal is required because the jury instructions given at his 1998 trial permitted the imputation of malice.  We affirm.

---

[1] All further statutory references are to the Penal Code.

*Factual and Procedural Background[2]*

In 1997, appellant participated in a gang-related shooting, in which rival gang member, Reyes Correa, was shot and killed. In 1998, a jury convicted appellant of second degree murder and found true the allegation that he personally used a firearm. (§§ 187, subd. (a), 12022.5, subd. (a).) Appellant was sentenced to state prison for 15 years to life for the offense plus 10 years for personal use of a firearm.

In 2000, we affirmed appellant's conviction in a nonpublished opinion. (*Patton*, *supra*, B132868.)

*Section 1172.6 Petition*

In February 2023, appellant filed a form petition for resentencing. He declared he could not presently be convicted of murder "because of changes made to [sections] 188 and 189, effective January 1, 2019." The trial court appointed counsel and accepted briefing. The prosecution maintained that appellant was not entitled to resentencing because he was charged with murder and "no other crime," so whether he was guilty as a direct perpetrator or an aider and abettor, he had to have malice aforethought.

*Trial Court's Ruling*

The trial court summarily denied appellant's petition after finding he was ineligible for relief as a matter of law. The trial court explained: "In this case[,] the jury was not instructed on any theory of liability that allowed them to convict on imputed malice. They were not instructed on felony murder or natural and probable consequences, and the aiding and abetting jury

---

[2] We summarize these facts and procedural history from our prior appellate opinion, *People v. Patton* (Feb. 17, 2000, B132868) [nonpub. opn.] (*Patton*).

2

instruction did not contain language that allowed conviction on an imputed malice theory."

The trial court further explained, "[T]he People, during closing argument, did not argue that the defendant could be found guilty on an imputed malice theory.  Therefore, the defendant has not made a prima facie case and is ineligible for resentencing.  The petition for resentencing is denied."

*Discussion*

Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437) amended the felony murder rule and the natural and probable consequences doctrine, "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).)

To that end, Senate Bill 1437 amended section 188 by adding a requirement that, when the felony-murder rule does not apply, a principal in the crime of murder "shall act with malice aforethought" and "[m]alice shall not be imputed to a person based solely on his or her participation in a crime."  (§ 188, subd. (a)(3).)

Senate Bill 1437 also enacted section 1172.6, which created a procedural mechanism for defendants who could not be convicted of murder or attempted murder under the amended laws to seek retroactive relief.  (§ 1172.6, subd. (a)(3); *People v. Lewis* (2021) 11 Cal.5th 952, 959 (*Lewis*).)

Senate Bill No. 775 (2021-2022 Reg. Sess.) amended section 1172.6 to expand eligibility for resentencing to include not only those "convicted of felony murder or murder under the natural and probable consequences doctrine," but also those convicted of

murder on any "other theory under which malice is imputed to a person based solely on that person's participation in a crime." (§ 1172.6, subd. (a), as amended by Stats. 2021, ch. 551, § 2.)

In deciding whether a petitioner has a made a prima facie showing for relief, """the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. . . .""" (*Lewis*, *supra*, 11 Cal.5th at p. 971.) The trial court may consider the record of conviction, which will "necessarily inform the trial court's prima facie inquiry under section [1172.6], allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*Ibid*.)

"'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner."'" (*Lewis*, *supra*, 11 Cal.5th at p. 971.) At this preliminary stage, the trial court should not engage in factfinding, weighing the evidence, or the exercise of discretion. (*Id*. at p. 972.)

We independently review a trial court's determination on whether a petitioner has made a prima facie showing. (*People v. Harden* (2022) 81 Cal.App.5th 45, 52.)

*Appellant is Ineligible for Relief as a Matter of Law*

It is undisputed that the trial court did not instruct the jury on felony murder or the natural and probable consequences doctrine. Accordingly, appellant could not have been convicted on either of those theories, which permitted summary denial of his section 1172.6 petition. (See *People v. Coley* (2022) 77 Cal.App.5th 539, 548 [defendant convicted of attempted murder on theory of direct aiding and abetting not entitled to

4

resentencing because jury was not instructed on the natural and probable consequences doctrine]; *People v. Estrada* (2022) 77 Cal.App.5th 941, 943, 946 [jury instructions showed trial court never instructed jury on natural and probable consequences doctrine; summary denial of petition affirmed].)

Appellant nevertheless contends reversal is required because he could have been convicted of second degree murder under an "imputed malice theory" identified in *People v. Powell* (2021) 63 Cal.App.5th 689 (*Powell*) and *People v. Langi* (2022) 73 Cal.App.5th 972 (*Langi*).  We disagree.

In *Powell*, the appellate court concluded that the standard aiding and abetting instruction (CALCRIM No. 401) was "not tailored" for the crime of second degree implied malice murder. (*Powell*, *supra*, 63 Cal.App.5th at p. 714.)  For implied malice murder liability, "[t]he mens rea, which must be personally harbored by the direct aider and abettor, is knowledge that the perpetrator intended to commit *the act*, intent to aid the perpetrator in the commission of *the act*, knowledge that *the act* is dangerous to human life, and acting in conscious disregard for human life." (*Id*. at p. 713, fn. omitted.)  Our Supreme Court adopted *Powell*'s summary of the elements of aiding and abetting an implied malice murder in *People v. Reyes* (2023)14 Cal.5th 981, 990-991.

The *Langi* court applied *Powell*'s reasoning.  The defendant in *Langi* was part of a group that beat and robbed the victim, who died after falling and hitting his head.  (*Langi*, *supra*, 73 Cal.App.5th at p. 975.)  At trial, Langi argued he did not throw the fatal punch.  (*Id*. at p. 977.)  The jury convicted him of robbery, battery, and second degree murder. (*Ibid*.)

Langi filed a section 1172.6 petition for resentencing and the trial court summarily denied it. (*Langi, supra,* 73 Cal.App.5th at pp. 976-977.) The court of appeal reversed, concluding that Langi was entitled to an evidentiary hearing because the instructions permitted him to be found guilty of aiding and abetting second degree murder without finding he personally acted with malice. (*Id.* at p. 984.)

At issue in *Langi* were CALJIC Nos. 3.01 (aiding and abetting) and 8.31 (second degree murder).[3] The *Langi* court observed that because CALJIC No. 8.31 did not require the direct perpetrator to "act with the unlawful intent of causing death," his "unlawful purpose," as the term is used in CALJIC No. 3.01, "may have been only to strike or to injure, or conceivably only to embarrass, the victim." (*Langi, supra,* 73 Cal.App.5th at p. 982.) "Since the perpetrator's purpose need not have been to kill the victim, the aider and abettor's knowledge of that purpose

---

[3] CALJIC No. 3.01 provides: "A person aids and abets the commission of a crime when he, [¶] (1) with knowledge of the unlawful purpose of the perpetrator and [¶] (2) with the intent or purpose of committing or encouraging or facilitating the commission of the crime, and [¶] (3) by act or advice aids, promotes, encourages or instigates the commission of the crime."

CALJIC No. 8.31 provides: "Murder of the second degree is also the unlawful killing of a human being when: [¶] 1. The killing resulted from an intentional act, [¶] 2. The natural consequences of the act are dangerous to human life, and [¶] 3. The act was deliberately performed with knowledge of the danger to, and with conscious disregard for, human life. [¶] When the killing is the direct result of such an act, it is not necessary to prove that the defendant intended that the act would result in the death of a human being."

6

similarly need not have been knowledge that the perpetrator aimed to kill. If the perpetrator need not have had 'murderous intent,' certainly the aider and abettor need not have had such an intent." (*Id.* at pp. 982-983.) "Thus, under the instructions that were given, the jury was entitled to conclude that, to be guilty as an aider and abettor of second degree murder, appellant need only have intended to encourage the perpetrator's intentional act—in this case, punching [the victim]—whether or not appellant intended to aid or encourage [the victim's] killing, and whether or not he personally knew of and disregarded the risk of such a killing." (*Id.* at p. 983.)

But the ambiguity identified in *Langi* and *Powell* is not at issue here because appellant was only charged with murder—there was no non-murder offense charged, i.e., battery. Thus, the aiding and abetting instructions here obligated the jury to find that appellant knew the perpetrator intended to commit the crime of murder, and that he acted with the intent or purpose of committing, encouraging, or facilitating that murder.

Because appellant was at least convicted of aiding and abetting implied malice second degree murder, which is still a valid theory of murder, he is not entitled to relief as a matter of law. As such, we need not address his further arguments that he did not forfeit the issue of "imputed malice" by failing to raise it on direct appeal[4] or that the personal use finding does not conclusively establish malice.

---

[4] This issue is currently pending review by our Supreme Court in *People v. Lopez* (Oct. 4, 2024, F085300), review granted Jan. 15, 2025, S287814.

*Disposition*

The order denying appellant's section 1172.6 petition for resentencing is affirmed.

<u>NOT TO BE PUBLISHED</u>.

YEGAN, J.

We concur:

GILBERT, P. J.

CODY, J.

Ray G. Jurado, Judge
Superior Court County of Los Angeles

_____

James S. Donnelly-Saalfield, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Scott A. Taryle, Supervising Deputy Attorney General, and David A. Voet, Deputy Attorney General, for Plaintiff and Respondent.